# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

### SHEILA SHULTS, ET AL. V. JOHNNY RICHARD TALLEY

**Appeal from the Juvenile Court for Cocke County**
**No. J-499       O. Duane Slone, Judge**

---

**No. E2011-02212-COA-R3-JV-FILED-MAY 3, 2012**

---

A show cause order was entered in this case on April 13, 2012, directing the appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. The appellant has responded to the show cause order, but the argument presented in the response does not appear to present good cause for maintaining this case in this court. The review of the record reveals that the order to which the notice of appeal is directed is not "a final judgment adjudicating all the claims, rights, and liabilities of all parties" from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a). Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

**JOHN W. MCCLARTY, J.; HERSCHEL P. FRANKS, P.J., CHARLES D. SUSANO, JR., J.**

Tony G. Lee, Jr., Greeneville, Tennessee, for appellant, Johnny Richard Talley.

Thomas V. Testerman, Newport, Tennessee, for the appellees, Sheila Shults and Neidre Shults.

### MEMORANDUM OPINION[1]

On September 7, 2011, the trial court entered an order directing the appellant, Johnny Richard Talley ("Father"), to pay post-judgment interest on the child support arrearage that

---

[1]Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

he had been order to pay on July 16, 2001. According to Father, he believed when the order was entered that he was being represented by counsel. He was subsequently informed that his counsel was no longer in private practice and was working for the Fourth Judicial District, Office of the District Attorney General. Former counsel was contacted by current counsel in an attempt to secure Father's file, but no response was received by Father's new attorney.

Without a complete file, Father's counsel filed the notice of appeal at the end of the 30-day period for appeal in order to preserve the right to appeal the September 7 order. Father's counsel overlooked the procedural issue that the trial court's order did not give a deadline for the parties to submit their calculations on the "remaining balance of the judgment debt."

A review of the record reveals that the trial court's September 7, 2011 order, to which the notice of appeal is directed, is not "a final judgment adjudicating all the claims, rights, and liabilities of all parties" from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a). Specifically, the September 7, 2011 order directs "[t]he parties and each of them" to "provide to the Court evidence of child support payment[s] made by [Father] since July 31, 2010 and dates of those payments, so that the Court may . . . calculate the amount of judgment interest accrued" since July 31, 2010 "and the amount of the remaining balance of the judgment debt." There is no indication in the record received by the appellate court clerk that the trial court has resolved these remaining issues. A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Tenn. R. App. P. 3(a) provides, in relevant part, that "any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable . . . ." "Such an order is interlocutory or interim in nature and generally cannot be appealed as of right." *In re Estate of Henderson*, 121 S.W.3d at 645. This court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

As this appeal was premature, we lack subject matter jurisdiction. Accordingly, we must dismiss the appeal.

**CONCLUSION**

The appeal of this matter is dismissed and this case is remanded to the trial court. Costs on appeal are taxed to the appellant, Johnny Richard Talley.


PER CURIAM